IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-5-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SANJAY KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion (DE 568) for confiscation, forfeiture, and disposal of seized firearms and ammunition pursuant to 18 U.S.C. § 3665. The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

### BACKGROUND

Indictment was returned in this case on January 12, 2017. On February 22, 2018, defendant was named in a 45 count, second-superseding indictment ("indictment") charging him with the following:

1. conspiracy to unlawfully dispense and distribute oxycodone, oxymorphone, hydromorphone, and alprazolam in violation of 21 U.S.C. § 846 (count one);

2. possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count two);

3. unlawful dispensation and distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) (counts three through 23);

4. possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i) (count 24);

5. unlawful dispensation and distribution of alprazolam in violation of 21 U.S.C. § 841(a)(1) (counts 25 through 30);

6. engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 (counts 31 through 32);

7. laundering of monetary instruments in violation of 18 U.S.C.§ 1956(a)(1)(B)(i), (ii) (counts 33 through 42); and

8. attempt to evade and defeat tax in violation of 26 U.S.C. § 7201 (counts 43 through 45).

(DE 16, DE 86).

The indictment also contains a notice that the government seeks forfeiture of certain property of defendant, including but not limited to 36 firearms and more than 40,000 rounds of ammunition, which firearms and ammunition are subject of the instant motion. In advance of trial, the government requested that the court instruct the jury regarding the criminal forfeiture alleged in the notice in the indictment, in conjunction with a proposed special verdict form, in the event the defendant was convicted of the offenses listed in counts one or two of the indictment.

Trial concluding August 12, 2019, lasting some 26 days, including four days during which the jury deliberated its verdict, resulted in the jury finding defendant guilty of five counts of unlawful distribution of oxycodone in violation of 18 U.S.C. § 841(a)(1) (counts three, four, five, nine, and 11), five counts of money laundering by concealment in violation of 18 U.S.C. § 1956(a)(1)(B)(i)-(ii) (counts 33, 34, 35, 39, and 40), and three counts of tax evasion in violation of 26 U.S.C. § 7201 (counts 43, 44, and 45). Not guilty verdicts were returned on the 32 other counts lodged against defendant, including, of particular note with respect to the instant motion,

count one (the conspiracy count in violation of 21 U.S.C. § 846), and count two (the firearms count in violation of 18 U.S.C. § 924(c)(1)(A)).

After polling the jury on the verdict, the court then asked counsel for defendant and the government, at side bar, whether there was anything further to address regarding forfeiture. Defendant took the position that there was no further issue regarding forfeiture. The government concurred that there was nothing further regarding forfeiture.

That same date, defendant moved to dismiss the forfeiture notice in the indictment as well as the "complaint in rem" in a separate forfeiture action, <u>United States v. Kumar's Personal Property</u>, No. 4:16-CV-281-FL (hereinafter the "civil forfeiture case"), in which the government seeks civil forfeiture of the same items subject of the instant motion. (<u>See</u> DE 389).[1] As pertinent here, with respect to defendant's firearms and ammunition, the court denied the motion "to the extent that defendant seeks to recover defendant's weapons and ammunition," reasoning that "[t]hese items are subject of a separate civil forfeiture action . . . and, therefore, properly should remain subject to the jurisdiction of this court pursuant to warrant for arrest and notice in rem issued by the clerk." (October 1, 2019, order (DE 403) at 11).

After several extensions, the court set sentencing to commence September 4, 2020.[2] Seven days in advance of sentencing, the government filed the instant motion, accompanied by a

---

[1] In the same motion, defendant also sought return of additional property and currency seized by the government. Upon defendant's oral renewed motion at sentencing, the court allowed defendant to reopen that portion of the motion DE 389 pertaining to return of defendant's property, as supplemented by defendant's pro se handwritten itemized list of property (the "reopened motion"). The reopened motion does not pertain to firearms and ammunition which are subject of the instant order and the civil forfeiture case. The court referred the reopened motion, along with two additional oral motions for accounting, to magistrate judge for ruling. Those motions will be addressed by separate order.

[2] Sentencing initially was scheduled to commence January 6, 2020, but then continued upon defendant's motion to a date to be determined. The court then set sentencing to take place March 6, 2020. On February 27, 2020, again upon defendant's motion, the court continued sentencing to a date to be determined. The court then set sentencing to take place April 30, 2020. Then, on the court's initiative, the court set sentencing for the September 8, 2020 term of court. On August 6, 2020, the court entered a scheduling order set sentencing to commence September

3

proposed preliminary order of forfeiture. At the second day of sentencing, on September 8, 2020, the court heard argument from both sides concerning the instant motion, and the court inquired of the government whether there was any prejudice to the government if the court holds in abeyance its decision on the instant motion, referencing a need to consider issues raised by civil forfeiture case and the criminal case. Although the government responded that there potentially could be prejudice to the government, and urged the court to decide the motion on the date of sentencing, the court took the motion under advisement. At the conclusion of sentencing, the court forecasted a need for further briefing on the motion, and, in order entered September 11, 2020, the court directed defendant to file a response to the instant motion within ten days.

In the meantime, the court entered judgment sentencing defendant to a term of imprisonment of 240 months, 3 year term of supervised release, special assessment of $1,300.00, fine of $50,000.00, and restitution of $471,758.40 payable to the Internal Revenue Service during the term of supervised release.

Defendant responded in opposition to the instant motion on September 21, 2020, attaching a pro se statement of objection to confiscation of firearms. The government replied, with leave of court, on September 22, 2020.

**COURT'S DISCUSSION**

Confiscation, forfeiture, and disposal of firearms pursuant to 18 U.S.C. § 3665 is not authorized or proper under the circumstances of this case, for several independent reasons set forth below.

A.    The Statute

The statute under which the government seeks relief, 18 U.S.C. § 3665, provides:

---

4, 2020, providing an August 28, 2020, deadline for filing sentencing memoranda and other materials pertaining to sentencing.

> A judgment of conviction for transporting a stolen motor vehicle in interstate or foreign commerce or for committing or attempting to commit a felony in violation of any law of the United States involving the use of threats, force, or violence or perpetrated in whole or in part by the use of firearms, may, in addition to the penalty provided by law for such offense, order the confiscation and disposal of firearms and ammunition found in the possession or under the immediate control of the defendant at the time of his arrest.
>
> The court may direct the delivery of such firearms or ammunition to the law-enforcement agency which apprehended such person, for its use or for any other disposition in its discretion.

18 U.S.C. § 3665.

As pertinent here, by its plain language, the statute provides: 1) a "judgment of conviction," 2) "for committing a felony," 3) "perpetrated in whole or in part by the use of firearms," 4) "may," 5) "order the confiscation and disposal of firearms and ammunition." Id. Under the circumstances of this case, the government has not demonstrated that defendant committed a felony perpetrated in whole or in part by the use of firearms. Defendant was convicted only of five counts of unlawful dispensation and distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as well as money laundering and attempt to evade or defeat tax. The judgment does not state anything about these offenses being perpetrated in whole or in part by the use of firearms, and none of these offenses has an element the use of a firearm. On this basis alone, § 3665 is inapplicable.

The government suggests that the court can order forfeiture under § 3665 based upon findings made by the court at sentencing that defendant possessed a firearm. The referenced findings, however, were made in context of a sentencing guidelines enhancement for purposes of determining the advisory guidelines range, under which the "enhancement should be applied if [a] weapon was present, unless clearly improbable that the weapon was connected with the offense." (Mem. Op. (DE 590) at 13 (quoting U.S.S.G. § 2D1.1(b)(1) comment. (n. 11(A))). Section 3665 requires more than just a finding that a "weapon was present" so long as not "clearly improbable

5

that the weapon was connected with the offense." Id. Much differently, it requires a "conviction . . . for committing a felony, . . . perpetrated in whole or in part by the use of firearms." 18 U.S.C. § 3665. Accordingly, the court's findings at sentencing do not meet this standard.

The government also suggests that the court may draw from caselaw interpreting a "companion forfeiture authority," 18 U.S.C. § 924(d), "which authorizes the forfeiture of firearms 'used in or involved in' a crime," and which is "construed broadly" in the case law. (Reply (DE 603) at 3). This suggestion is flawed in multiple respects. As an initial matter, the government is not seeking forfeiture, at this juncture, pursuant to 18 U.S.C. § 924(d). Indeed, as set forth in the next section of this order, it has not followed any of the requisite procedural requirements for forfeiture of the subject firearms and ammunition in this criminal case under 18 U.S.C. § 924(d). Moreover, the text of § 924(d) is notably different from the text of § 3665, in that it allows, for example, forfeiture in the event of firearms "involved in or used in any violation of" enumerated federal law, 18 U.S.C. § 924(d)(2)(C) (emphasis added), and thus does not turn on a conviction. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 362 (1984). Thus, the government's recourse to a different statute, § 924(d), to determine the requirements for application of § 3665, misses the mark.

Notably, the government has not cited, and the court has not found, any opinion by the United States Court of Appeals for the Fourth Circuit, nor any other court in this circuit, addressing application of § 3665 to an order of confiscation, forfeiture, and disposal of firearms and ammunition. Two out-of-circuit cases cited by the government are not helpful in interpreting the requirements of the statute. In United States v. Konopski, 685 F. App'x 63, 66 (2d Cir. 2017), in an unpublished non-precedential opinion, the United States Court of Appeals affirmed an order of

forfeiture entered by the district court pursuant to both 18 U.S.C. §924(d) and § 3665.³ In United States v. Benson, 184 F.3d 936, 937 (8th Cir. 1999), the district court originally ordered forfeiture on the basis of a firearms conviction under 18 U.S.C. § 924(c), and the court of appeals affirmed the denial of a motion by defendant to seek return of firearms under Rule 41(e) upon the later vacation of that conviction, which is a procedural posture that does not provide basis for ready comparison to the instant case.

B.     Procedures for Forfeiture

In addition, and in the alternative to the foregoing, the government has not followed the requisite procedure for forfeiture of the subject firearms and ammunition within this criminal case.

Although the Fourth Circuit has not addressed the issue, the United States Court of Appeals for the Fifth Circuit has held that § 3665 "can be invoked only if the indictment alleges the property subject to forfeiture and a judgment of criminal forfeiture is entered." United States v. Posey, 217 F.3d 282, 284 (5th Cir. 2000). A judgment of criminal forfeiture, in turn, must be preceded by compliance with "the plethora of . . . statutory rules prescribing procedures that must be followed should the government wish to seek a forfeiture." Id. As a result, "the government's concept of § 3665, either as vesting discretion in the district court irrespective of these other rules, or as substituting some ad hoc notion of due process in their stead, is plainly wrong." Id.; see United States v. Candelaria-Silva, 166 F.3d 19, 43 (1st Cir. 1999) ("[T]he defendant has a right to have the amount subject to forfeiture determined, in the first instance, by the jury."); United States v.

---

³ Additional facts distinguish Konopski from the instant case, particularly the procedural posture of the forfeiture, also as relevant to Section B. of the instant order. In particular, as revealed in the record of that case, upon conclusion of trial, the defendant did not request that the jury be detained to determine forfeiture, and rather expressly agreed that the court should decide the issue of forfeiture. See United States v. Konopski, No. 16-227 (2nd Cir.) (record on appeal at 321-332, 348-350, 27-28). The government then filed its motion for forfeiture over two months prior to sentencing, enabling the district court to hold a separate hearing on forfeiture over a month prior to sentencing. See id. Moreover, in Konopski, the court ordered forfeiture of firearms from the defendant's house, the location where the defendant had distributed drugs, 685 F. Appx. at 67, in contrast to the instant case where defendant did not dispense drugs out of his house.

7

Seifuddin, 820 F.2d 1074, 1078 (9th Cir. 1987) ("Even if forfeiture is alleged in the indictment, a judgment of criminal forfeiture also requires a special verdict and a judgment authorizing seizure of the property subject to forfeiture.") (emphasis added).

Notably, under Rule 32.2 a jury determination of criminal forfeiture is required under the circumstances presented by this case:

> In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

Fed. R. Crim P. 32.2(b)(5)(A). In addition,

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

Notably, the government triggered these requirements in the rule by requesting in the first instance to have the jury determine forfeiture of the subject firearms and ammunition in this case, and the government submitted a proposed special verdict form. That verdict form became moot upon defendant's acquittal of counts one and two. At that point, though given an opportunity by the court to pursue forfeiture further if warranted, the government did not do so. Accordingly, by presenting a limited proposed special verdict form on forfeiture of the subject firearms and ammunition, and by proposing no more for jury determination, the government abandoned forfeiture as a component of the judgment in this case, in light of the requirements of Rule 32.2(b)(5). Thus, § 3665 is not a proper vehicle for bringing about forfeiture in this criminal case where the government first has not followed all the procedural requirements for such forfeiture.

Moreover, the government's attempt to resurrect forfeiture through the back door of § 3665 the week before sentencing is procedurally problematic in a number of respects. Rule 32.2 requires

8

the court "[a]s soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, . . . [to] determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2 (b)(1)(A). Here, the government only sought criminal forfeiture on the basis of counts one and two in the indictment, as set forth in its proposed special verdict form and jury instructions. The government did not seek forfeiture on any other counts at that time upon the verdict rendered by the jury, to enable the court to fulfill its duty to make a forfeiture determination "[a]s soon as practical after a verdict or finding of guilty." Id.

Similarly, because the government waited until the week before sentencing to seek forfeiture under § 3665, having given no notice to defendant or the court that it was going to do so, the government made it virtually impossible to enter a "preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B). It also made it practically very difficult for the court to "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).[4]

In sum, due to all these procedural deficiencies, entry of an order of forfeiture under § 3665 is not authorized or proper under the circumstances of this case.

C.   Court's Discretion

Finally, also in the alternative to the foregoing, the court declines to exercise discretion to award confiscation, forfeiture, and disposal, of the subject firearms and ammunition pursuant to §

---

[4] While the timing of the motion is one of several procedural shortcomings noted here in the text, in light of the court's holding herein, the court does not reach defendant's additional argument that the court lacks authority or jurisdiction at this juncture to enter a criminal forfeiture order solely because it was not included in the judgment entered on the date of sentencing. Rule 32.2(b)(4)(B) states that "the court's failure to do so may be corrected at any time under Rule 36," and the Fourth Circuit has held that the failure to include a forfeiture order in the judgment, standing alone, is not a jurisdictional defect. United States v. Martin, 662 F.3d 301, 307 (4th Cir. 2011).

9

3665. Even where all the statutory requirements of § 3665 are met, the statute expressly states that the court "may" order confiscation and disposal of firearms and ammunition, thus leaving any such order in the sound discretion of the district court. 18 U.S.C. § 3665. Here, the court declines to order confiscation, forfeiture, or disposal of the subject firearms and ammunition under § 3665 for all the reasons stated in sections A. and B. above, in addition to the fact that the civil forfeiture case regarding the same firearms and ammunition remains pending, allowing for deliberate and careful exercise of the procedural and substantive requirements for forfeiture. See United States v. Wild, 47 F.3d 669, 674–75 (4th Cir. 1995). Given the choice between proceeding in this criminal case on the basis of an untested theory of forfeiture, and addressing forfeiture under more commonly applied rules of civil forfeiture, the court chooses in its discretion to decline to order forfeiture in the instant criminal case.

## CONCLUSION

Based on the foregoing, the government's motion or confiscation, forfeiture, and disposal of firearms and ammunition (DE 568) is DENIED. The clerk is DIRECTED to file a copy of this order in the instant case and in the related civil forfeiture case (United States v. Kumar's Personal Property, No. 4:16-CV-281-FL), and thereupon to LIFT the stay imposed on February 13, 2017, in that civil forfeiture case.

SO ORDERED, this the 14th day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge